NUMBERS 13-10-00107-CR
AND 13-10-00108-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

TODD ALLEN JANES,                                                            
Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the 319th
District Court 

of Nueces County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Benavides  

Memorandum Opinion by
Justice Rodriguez

                                                                                                                                    

            Appellant
Todd Allen Janes appeals from his convictions in trial court cause 09-CR-3107-G
for the offense of felony theft (appellate cause number 13-10-107-CR), see
Tex. Penal Code Ann. '
31.03 (Vernon Supp. 2010), and trial court cause number 09-CR-3627-G for
unauthorized use of a motor vehicle (appellate cause number 13-10-108-CR).  See
id. '
31.07 (Vernon 2003).  Appellant entered an open plea of "no contest"
to felony theft and an open plea of "guilty" to the offense of
unauthorized use of a motor vehicle.  The State gave notice of prior felony
convictions, which enhanced the authorized punishment in each case to a second-degree
felony.  See id. § 12.42 (Vernon Supp. 2010) (setting out penalties for
repeat and habitual felony offenders).  Janes pleaded "true" to the
prior convictions.  Based on Janes's open pleas and the evidence presented, the
trial court found him guilty of both offenses.  The court also found the prior
convictions to be true.

            Appellant testified at the punishment hearing
describing a life-long problem with drug addiction and requesting that the
trial court give him an opportunity for rehabilitation with drug treatment.[1] 
The trial court, however, followed the State's recommendation and assessed
punishment at twenty years' incarceration in each case with the sentences to
run concurrently.  No fines were imposed.

Concluding that there are "no
arguable grounds for reversal," counsel filed an Anders brief in
which he reviewed the merits, or lack thereof, of the appeals.  We affirm the
judgments of the trial court.

I.  Compliance with Anders

Pursuant to Anders v. California,
386 U.S. 738, 744 (1967), appellant=s
court‑appointed appellate counsel has filed one brief in these causes,
stating that he could "find no meritorious issues to bring forward for
review."  Counsel=s brief discusses relevant
portions of the records.  See In re Schulman, 252 S.W.3d 403, 407 n.9
(Tex. Crim. App. 2008) (orig. proceeding) (AIn
Texas, an Anders brief need not specifically advance >arguable=
points of error if counsel finds none, but it must provide record references to
the facts and procedural history and set out pertinent legal authorities.@)
(citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.BCorpus
Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3
(Tex. Crim. App. 1991) (en banc).








In compliance with High v. State,
573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has
carefully discussed why, under controlling authority, there is no error in the
trial court's judgment in each case.  Counsel certified to this Court that he
forwarded a copy of his motion to withdraw and its supporting brief to
appellant with a letter advising him of his right to review each record and to
file a pro se response.[2] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.

II. 
Pro Se Response

On November 17, 2010, appellant filed
one pro se response asserting ineffective assistance of trial counsel in both
causes.  Appellant bases his complaint on the following:  (1) counsel's alleged
failure to perform a thorough pre-sentence investigation that would have, as
asserted by appellant, established that the truck in which appellant was found
was valued at less than $20,000; (2) counsel's alleged failure to object to the
indictments and to file motions to quash the indictments on the basis that the
charges "did not fit the crime[s]" because appellant "was merely
looking for a place to sleep as he was homeless at the time of the
arrest"; (3) counsel's alleged comment to appellant "that if he
plead[ed] guilty[,] … [counsel] could get him into the Cenikor program,"
which appellant argues forced him to plead guilty; and (4) counsel's alleged
failure to object to the State's comment to appellant that he should not enter
a plea of "not guilty."[3]

III. 
Independent Review

Upon receiving an Anders brief,
this Court must conduct a full examination of all the proceedings to determine
whether the cases are wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80
(1988).  We have reviewed the entire record in each case, counsel's brief, and
appellant's pro se response, and we have found nothing that would arguably
support an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex.
Crim. App. 2005) (ADue to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in the
briefs and reviewed the record for reversible error but found none, the court
of appeals met the requirement of Texas Rule of Appellate Procedure 47.1.@); Stafford,
813 S.W.2d at 509.  Accordingly, we affirm the judgments of the trial court.

IV. 
Motion to Withdraw

            In accordance with Anders, appellant's
attorney has asked this Court for permission to withdraw as counsel for
appellant.  See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80
(Tex. App.BDallas 1995, no pet.) (AIf
an attorney believes the appeal is frivolous, he must withdraw from
representing the appellant.  To withdraw from representation, the appointed
attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous.@)
(citations omitted)).  We grant counsel=s
motion to withdraw filed in appellate cause numbers 13-10-107-CR and
13-10-108-CR, and carried with the case on July 8, 2010.  Within five days of
the date of this Court=s opinion, counsel is
ordered to send a copy of the opinion and the judgments to appellant and to ­advise
appellant of his right to file a petition for discretionary review.[4] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

                                                                                         NELDA
V. RODRIGUEZ

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 9th 

day of December,
2010.

                                                                                                                                                            









[1] Appellant's counsel also asked the
trial court to consider Cenikor, a rehabilitation program described in defense
exhibit 1 as a "long-term, therapeutic community recovery program for men
and women" that "helps to rebuild lives by treating addictive behavior."

 





[2] The Texas Court of Criminal Appeals has held that Athe pro se response need not comply with the rules of appellate
procedure in order to be considered.  Rather, the response should identify for
the court those issues which the indigent appellant believes the court should
consider in deciding whether the case presents any meritorious issues.@  In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App.
2008) (orig. proceeding) (quoting Wilson v. State, 955 S.W.2d 693,
696-97 (Tex. App.BWaco 1997, no pet.)).





[3] Although appellant’s attempt at a direct appeal has been
unsuccessful, he is not without a potential remedy.  Challenges requiring
development of a record to substantiate a claim such as ineffective assistance
of counsel may be raised in an application for writ of habeas corpus.  See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon
Supp. 2010); see also Cooper v. State, 45 S.W.3d 77, 82-83 (Tex. Crim.
App. 2001) (suggesting that "the legislature may have regarded challenges
to voluntariness as better raised in habeas corpus than on appeal because the
appellate record will often contain insufficient grounds for a fair resolution
of the claim.  The legislature may well have decided to render the issue
unappealable but only as a means of encouraging its litigation in habeas
corpus, where a new and more complete record can be developed").  An
application for writ of habeas corpus relief would "provide an opportunity
to conduct a dedicated hearing to consider the facts, circumstances, and
rationale behind counsel's actions at . . . trial."  Thompson v. State,
9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999).





[4] No substitute counsel will be appointed.  Should
appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or file a pro se petition for discretionary review.  Any
petition for discretionary review must be filed within thirty days from the
date of either this opinion or the last timely motion for rehearing that was
overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See Tex. R.
App. P. 68.3; 68.7.  Any petition for discretionary review should comply
with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 68.4.